Your Honor, it's my understanding that Mr. Martinez's cases would be combined with Mr. Ambrosio's. Yes, that's right. It will be combined with the United States v. Ambrosio Rubio. And I understand you've worked out a division of time? Yes, I'm covering both cases. Oh, good. Vince Franco, Federal Defenders, on behalf of Mr. Martinez and Mr. Ambrosio. All right, good. Beginning with the Supreme Court decision in Descaps, and then continuing with the en banc decision of this Court in Almanza, and then finally most recently in Mathis, the Supreme Court and this Court have clarified that the Taylor Categorical Analysis depends on a comparison of elements. And elements have been defined as what the jury must unanimously agree upon beyond a reasonable doubt. When you apply this clarification to California Penal Code 245, it is now clear that that offense is not a crime of violence. In order to be a crime of violence in this context, there must be an element of the intentional use of force against the person of another. But in California, juries are routinely instructed, according to CalCrim 875, that the people are not required to prove that the defendant actually intended to use force against someone. So there is a mismatch of elements with this offense. After these cases, it says a jury must unanimously agree on, in this case, use of force. California jury instructions do not require their jurors to make that determination. So all the Court's prior cases, such as Grajeda, Jaron Salinas, Jimenez-Azarte, have all been effectively overruled by these line of cases focusing on what an element is and how an element is proven. And this is shown first in Grajeda. The irreconcilable is clear. Grajeda had CalCrim 875 before them, and they said, this instruction, while it favors that it's not a crime of violence, is not dispositive. Then Alonza en banc comes around and says, we need go no further than California's pattern during instructions to determine the element. So this is a clear irreconcilability. Grajeda ignored these facts or found them dispositive. The Supreme Court and this court en banc says jury instructions approved by courts are now dispositive. So it's not a crime of violence, and the plus 16s must be reversed in this case. Each client is entitled to a resentencing. What do you do about Grajeda? Do you think it was subliminally overruled, or? Yes, because, and I just, Grajeda specifically had this jury instruction, and it said it's not dispositive. Instead, they used language from cases that basically said, because there's some ambiguity, they said a violent act, some language in the Supreme Court cases says that you had to intend a violent act. But then they came across the jury instruction. The jury instruction doesn't mention violent act. It only says an intentional act, the natural and probable consequences. And the jury instruction says there does not have to be an intentional use of force. And Grajeda said that's not dispositive. We're going to go with the prior language of some confusing language of the California Supreme Court. But what Alonzo comes on and says is no. What is dispositive are court-approved jury instructions, in this case, that don't have the language that Grajeda was worried about. So you have Grajeda relying on something that's not relevant anymore. And you think that meets a Miller v. Gami standard? Yes, it does, because Miller v. Gami standards looks into mode of analysis. And here the mode of analysis is how do you determine an element? Grajeda was looking to let's look at language in a case law. But what, like, through the scamps, Almanza and Mathis, they're saying no, an element is something that has to be proven beyond a reasonable doubt. And it's kind of like it's almost the same situation in Miller v. Gami. They were using a situation where what was absolute immunity? And they had a direct case regarding social workers. And all the Supreme Court had done is changed kind of the test of how you determine absolute immunity. Just as here, they kind of changed and clarified the test of how you determine an element. So because there's been this change of how we think about an element. Well, one thing, I mean, there seems to be simple concepts. One of them is what is an element. And the second thing is how you prove an element. And I am not sure that those two things are commensurate. Well, what is an element is what must be proven to a jury beyond a reasonable doubt. And the Supreme Court and this Court have said those are reflected in jury instructions. Whereas, and so you had a jury instruction back in the day of Grajeda, which says intent does not need to be proven. And so if you apply the analysis that DeCamp, Almanza, and Mathis now employ, Grajeda would have been required to consider that jury instruction dispositive instead of simply ignoring it. If there are no further questions, I'll save my time for rebuttal. Thank you. Good morning. Your Honors, may it please the Court, Mark Rahe for the United States. To get right to the issue on the merits, DeCamp is not clearly reconcilable with Grajeda. I think the flaw in my opponent's argument is he takes one sentence from Calcrim 875, which says that a jury does not have to prove the defendant actually intended to use force, and suddenly finds that dispositive. That instruction was before the Court in Grajeda. All that instruction means is that this is not a specific intent crime. People v. Williams, the California Supreme Court case set in 2001, which was the last definitive construction of the mens rea required for this statute, specifically acknowledged that this is a general intent crime. And as we cite cases in our brief, multiple times this Court has said even general intent crimes can meet the requisite standard. And that's the important thing to keep in mind here. Leocal, the Supreme Court case from 2004, set the baseline of intentionality for a crime of violence. And what it said, it said if something has to be an act of employment of force, it has to be more than just negligent or accidental. In 2006, this Court en banc in Fernandez-Uriz added that it can't be merely reckless. All of those authorities were already before this Court in Grajeda. And when Grajeda, one sentence of Grajeda at the end talks about 875, which is the entire linchpin of my opponent's argument. But it said in light of the California Supreme Court's holdings that this is a general intent crime, that is why that instruction is not dispositive. It was never a question about what's an element. The whole point of Decompt, Decompt granted certiorari to resolve a split over whether the modified categorical approach can be applied to an indivisible statute. Grajeda never reached the modified categorical approach. It held as a pure categorical matter that this statute qualified. And the reason why, it still requires sufficiently intentional conduct. I would ask my opponent in his rebuttal to try, you know, instead of just focusing on the one sentence in the application notes to 875, talk about what elements are required. And as restated by the California Supreme Court in Williams, an assault in California requires, and this is a direct quote, an intentional act, and actual knowledge of facts showing that the act will probably and directly result in the application of force. When we look to Leocal, Leocal says it can't be negligent or accidental. It has to be an act of employment of force. California defines its general intent as an intentional act and actual knowledge of facts that this will directly and probably result in application of force. The government would submit that satisfies the active definition of, or the active employment of force definition that Leocal set forward. Now, again, this Court isn't addressing this issue in the first instance. This is a very narrow standard before you today. The only way you can ignore the binding precedent of Grajeda, which incidentally every other year has been supposedly implicitly overruled by one case or another, and yet this Court has consistently rejected that, it's a very high standard. It can't be enough that a new case causes doubt or adds tension. Under that high standard, there's this isn't even a close case. Decomp, first of all, wasn't even dealing with this statute, 245. It was dealing with 459 burglary. Secondly, decomp, unlike Leocal, says absolutely nothing to the intent required for a crime of violence. Instead, it is primarily dedicated towards what is a divisible statute and when can the modified categorical approach be applied. When I reread my opponent's briefs in preparation for this argument, when he cites these cases like Almanza and Mathis, as if it was somehow a news flash that the case since 1990 when Taylor was decided. If you reread Grajeda, every other sentence says element. What's required? Judge Pius wrote a very thoughtful opinion at the beginning. He says the full range of conduct has to satisfy the categorical definition. And what that opinion does for pages, it talks about the evolution of the California Supreme Court first in 1971, people versus Rocha, specifically said recklessness is not enough for assault. 1994 in Colentrano, that holding was reaffirmed. And then 2001 in people versus Williams, the California Supreme Court said in its many words, negligence, recklessness still not enough. With all that in mind, Your Honors, I would submit then that there is nothing about decomp which reaches the high level of being clearly reconcilable with Grajeda. Leocal again, that is the important Supreme Court case. At 543 United States, at page 9, it says you need a, quote, active employment and, quote, a force. In other words, more than negligent or accidental conduct. In our brief, we cited numerous cases where California courts have repeatedly said that is exactly what this statute does. And again, this one sentence from 875, which simply says the people are not required to actually, you know, you don't have to prove that the defendant actually specifically intend to use force. It's not that it can't be intentional. And that's, you know, I know the commentators sometimes say the distinction between specific intent and general intent continues to confound people, but it still has a practical effect. And as this Court held in Colon-Areola, Melchor-Mesenyo, Larco-Yeno, these are all cases cited in our brief. Counsel, what do you – so opposing counsel submitted a Rule 28J letter citing the case of U.S. v. Benally. Correct. Have you had a chance to read that? I did. Do you see that as anything other than following that line of cases? Yes, I see it. In other words, it changes nothing, Your Honor. What it basically says, it just reiterates that it has to be intentional. And that's the same standard that Leocal said that all the three cases that I just cited, that general intent can still be sufficiently intentional for the Leocal standard. And, in fact, Benally, I think it cited older cases for that exact proposition. So, you know, in that case it was 422, criminal threats. It's a different statute. I think that one was specific intent. But, again – Are there any California cases where someone did not act with the general intent of using threatening force? Are there any cases where actually someone was convicted for something that is less than intentional? Not that I know of, Your Honor. And, again, this is – you know, this sort of goes back – I mean, I respect my opponent very much. He and I were on Grajeda together. Every few years, you know, these other attempts – like last year you sat on a panel, Jimenez-Arzate, where, you know, what I'm getting to is in all these prior attempts the defense usually submits anecdotal evidences of California State cases. And then we have a little debate about whether that's – this is now a new one that somehow shows less than intentional conduct. I would point out in this case they haven't even attempted to do that. There is no citation of any new case issued by the California Supreme Court since Williams in 2001 that changes California's construct. So here, again, I mean, it's just based on Decomp, which had nothing to do with the intentionality requirement that we're talking about, was devoted almost exclusively towards the modified categorical approach. As this Court knows, probably too much of your docket now is spent on cases about, well, can we apply the modified approach because is the statute divisible or not? I just wanted to ask your point of view on something. I think Mathis did nothing more than we did in Rendon. It seems to be the exact same thing. It's not a new case. It's, to us, it's what the Rendon case held. I advised one of my colleagues of that very thing the other day in as many words. That's my understanding of it at least. So, but again, for purposes of this case, it's not like this statute lists things in the disjunctive and you have to ask is it a means or is it an element. Modified approach never had anything to do with Grajeda, and therefore to the extent that DeConk was a watershed case about the modified approach, it can't meet the clearly reconcilable standard. Unless this Court has any further questions, the government will support it. Thank you, counsel. Thank you. One of the main problems with my opponent's argument here is he keeps saying it's intentional conduct, intentional conduct. But this Court is clear from Fernandez-Ruiz. It's not just an intentional act. It's the intentional use of force against the person of another. And that's what Fernandez-Ruiz calls the bedrock principle of this use of force, that the intent has to be to intend to use force against someone. Where California, what they've said in jury instructions and what Williams actually says is all you have to do is have an intent to do an intentional act, which a reasonable person would say the direct consequences of would result in a battery. And that's the difference. The person does not have to have any intent that his actions actually result in the use of force. And Mr. Rahe has talked also about all the cases we've had. There are plenty that perfectly resemble many of the cases that this Court has said aren't use of force. For example, there's an unpublished decision where someone shoots a BB gun and they said even if he is aiming at the tree, the fact that someone was around, a reasonable person could conclude that they're using force. And that's the key difference here of what's going on. And going back to Grajeda, it wasn't just that they ignored this final line in the jury instruction. What Grajeda read into is there was – Grajeda read confusion into California law, and they finally concluded that California – in light of California Supreme Court's statements, other statements, requires proof an intentional violent act with a deadly weapon. That's why they upheld it. But the jury instructions and what Williams had said and what even other courts of this circuit has held is that you don't have to intend this violent act against the person of another. For those reasons, this Court should finally recognize the true character of California law, which does not require the intentional use of force against the person of another. It only requires an intentional act, and that's not enough under this Court's case law. Thank you, Counselor. The case discharge will be submitted.
judges: Reinhardt, Kozinski, Wardlaw